**Order filed May 30, 2019**



In The

# Fourteenth Court of Appeals

_____

NO. 14-19-00320-CV
NO. 14-19-00321-CV
_____

### IN THE INTEREST OF G.A.-G., J.S.A.-S., CHILDREN

**On Appeal from the 309th District Court
Harris County, Texas
Trial Court Cause Nos. 2007-20638 & 2008-39339**

## ORDER

These are accelerated appeals from judgments in suits in which the termination of the parent-child relationship is at issue. According to the records in these cases, appellant has established indigence and has been appointed an attorney on appeal. The reporter's record was due within **10 days** after the notice of appeal was filed. *See* Tex. R. App. P. 35.1(b); 28.4(a)(1). The record has not been filed.

Appeals in parental termination cases and child protection cases are to be brought to final disposition within **180 days** of the date the notice of appeal is filed.

*See* Tex. R. Jud. Admin. 6.2(a). The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *See* Tex. R. App. P. 35.3(c).

The record in this case was originally due April 30, 2019. The court reporter filed a request for extension noting that there were several hearing dates across several years to be filed. This court granted the court reporter's request for additional time and ordered the record to be filed on or before May 29, 2019. Because the reporter's record has not been filed timely in this accelerated appeal, we issue the following order:

We direct the judge of the 309th District Court to **immediately** conduct a hearing at which the court reporter, appellant's counsel, and appellee's counsel shall participate (a) to determine the reason for the failure to file the record; and (b) to establish a date certain when the reporter's record will be filed.

In the event portions of the record cannot be retrieved we further order the trial court to conduct a hearing pursuant to Texas Rule of Appellate Procedure 34.6(f) to determine: (1) whether appellant timely requested a reporter's record; (2) whether without the appellant's fault, significant portions of the record have been lost or destroyed; and (3) whether the portions of the record are necessary to appellant's appeal. If retrieval of the record is not at issue, the trial court need not make these findings.

The court is directed to reduce its findings to writing and to have a supplemental clerk's record containing those findings filed with the clerk of this court, together with a reporter's record from the hearing **on or before June 11, 2019.**

PER CURIAM